**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

        - against -

LAWRENCE BILLIMEK, and
ALAN WILLIAMS,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ECF Case

No. 22 Civ. 10542 (MKV)


# THE GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
# APPLICATION TO INTERVENE AND FOR A STAY OF DISCOVERY


DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
Attorney for the United States
      of America.

Jason A. Richman
Assistant United States Attorney
    *- Of Counsel -*

i

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL BACKGROUND ................................................................................................... 2

PROCEDURAL POSTURE ..................................................................................................... 3

ARGUMENT ............................................................................................................................ 3

I.      THE GOVERNMENT SHOULD BE GRANTED PERMISSION TO INTERVENE .......... 4

II.     A STAY OF DISCOVERY IS APPROPRIATE .................................................................. 5

   A.   Applicable Law ............................................................................................................. 5

   B.   Discussion ..................................................................................................................... 6

      1.   The Extent of Overlap ............................................................................................. 6
      2.   Status of the Criminal Case .................................................................................... 7
      3.   The Interests of the Plaintiff and the Defendants .................................................. 8
      4.   The Public Interest ................................................................................................. 8
      5.   The Interests of the Court ..................................................................................... 10

CONCLUSION ...................................................................................................................... 12

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Bd. of Governors of the Federal Reserve System v. Pharaon*,
  140 F.R.D. 634 (S.D.N.Y. 1991) ........................................................................ 10

*Bureerong v. Uvawas*,
  167 F.R.D. 83 (C.D.Cal. 1996) .......................................................................... 5

*Campbell v. Eastland*,
  307 F.2d 478 (5th Cir. 1952) ........................................................................... 10

*Harris v. Nassau County et al.*,
  2014 U.S. Dist. LEXIS 94554 (E.D.N.Y. 2014)............................................... 2

*Hicks v. City of New York*,
  268 F. Supp. 2d 238 (E.D.N.Y. 2003) ............................................................. 7

*In re Par Pharm, Inc. Sec. Litig.*,
  133 F.R.D. 12 (S.D.N.Y. 1990) ........................................................................ 7

*Kashi v. Gratsos*,
  790 F.2d 1050 (2d Cir. 1986)............................................................................ 5

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936)........................................................................................... 6

*Louis Vuitton Malletier*
  *S.A. v. LY USA, Inc.*, 676 F.3d 83 (2d Cir. 2012) ........................................... 6

*Parker v. Dawson*,
  2007 WL 2462677, No. 06 Civ. 6191 (JFB) (E.D.N.Y. Aug. 27, 2007)................................... 7

*Phillip Morris Inc. v. Heinrich*,
  1996 WL 363156, No. 95 Civ. 328 (LMM) (S.D.N.Y. June 28, 1996)...................................... 9

*SEC v. Beacon Hill Asset Management LLC*,
  No. 02 Civ. 8855 (LAK), 2003 WL 554618, at *1 (S.D.N.Y. Feb. 27, 2003) .......................... 9

*SEC v. Carroll*,
  No. 19 Civ. 7199 (AT), 2020 WL 1272287 (S.D.N.Y. Mar. 17, 2020) ................................ 1, 6

*SEC v. Chakrapani*,
  2010 WL 2605819 (S.D.N.Y. June 29, 2010) ...................................................... 10

*SEC v. Chestman*,
  861 F.2d 49 (2d Cir. 1988)...................................................................... 4

*SEC v. Contorinis*,
  2012 WL 512626, No. 09 Civ. 1043 (RJS) (S.D.N.Y. Feb. 3, 2012)...................................... 11

*SEC v. Dubovoy*,
  15 Civ. 6076 (D.N.J. Jan. 29, 2016) ...................................................................... 2

*SEC v. Durante et al.*,
  15 Civ. 9874 (RJS) (S.D.N.Y. Mar. 23, 2016) ...................................................... 1

*SEC v. Nicholas*,
  569 F. Supp. 2d 1065 (C.D. Cal. 2008) .......................................................... 2, 9, 10

*SEC v. One or More Unknown Purchasers of Securities of Global Indus., Ltd.*,
  2012 WL 5505738, No. 11 Civ. 6500 (RA) (S.D.N.Y. Nov. 9, 2012)................................ 2, 11

*SEC v. Shkreli, et al.*,
  2016 WL 1122029, 15 Civ. 7175 (KAM) (E.D.N.Y. Mar. 22, 2016) ................................ 2, 8

*SEC v. Treadway*,
  2005 WL 713826, No. 04 Civ. 3464 (VM) (JCF) (S.D.N.Y. March 30, 2005) ...................... 6

*SEC v. Wey*,
  15 Civ. 7116 (PKC) (S.D.N.Y. June 9, 2016) ...................................................... 1

*Trustees of Plumbers and Pipefitters Nat'l Pension Fund, et al. v. Transworld Mechanical, Inc.*,
  886 F. Supp. 1134 (S.D.N.Y. 1995)...................................................................... 7

*Tuzman*,
  15 Civ. 7057 (AJN), Dkt. No. 43 at 3).................................................................. 6, 7

*Twenty First Century Corp. v. LaBianca*,
  801 F. Supp. 1007 (E.D.N.Y. 1992) ................................................................. 4, 11

*United States v. McCarthy*,
  292 F. Supp. 937 (2d Cir. 1968) ...................................................................... 9

*United States v. One 1964 Cadillac Coupe DeVille*,
  41 F.R.D. 352 (S.D.N.Y. 1966) ...................................................................... 7

*United States v. Percevault*,
  490 F.2d 126 (2d Cir. 1974).......................................................................... 9

*Volmar Distrib., Inc. v. New York Post Co., Inc.*,
  152 F.R.D. 36 (S.D.N.Y. 1993) ................................................................. 6

**Other Authorities**
Title 18, United States Code, Section 3500 ................................................ 8

**Rules**
Rule 16 of the Federal Rules of Criminal Procedure ................................... 8

Rule 24(a)(2) of the Federal Rules of Civil Procedure ................................ 4

Rule 24(b)(2) of the Federal Rules of Civil Procedure ................................ 4

## PRELIMINARY STATEMENT

The United States of America, by and through the United States Attorney for the Southern District of New York ("the Government"), respectfully submits this memorandum of law in support of its application (i) to intervene in the above-captioned case, pursuant to Rule 24 of the Federal Rules of Civil Procedure, and (ii) to stay all discovery in this case until the conclusion of the parallel criminal case, *United States* v. *Lawrence Billimek and Alan Williams*, 22 Cr. 675 (PGG) (the "Criminal Case"). The defendants, through counsel, both consent to the Government's request for a stay. The SEC does not object to the request for a stay.

Courts in this district frequently stay civil discovery when there is a parallel criminal prosecution. Here, the parallel Criminal Case arises from the identical set of facts and circumstances that underlie this action. As a result, a stay is especially appropriate because any exchange of discovery would be asymmetrical and would allow the defendants to circumvent the criminal discovery rules and improperly tailor their defenses in the Criminal Case. In similar situations, courts in this Circuit and others have often entered a stay of parallel civil actions when there is a related criminal prosecution with overlapping defendants and facts, even where, as is not the case here, a defendant objects. *See, e.g.*, *SEC v. Carroll,* No. 19 Civ. 7199 (AT), 2020 WL 1272287 (S.D.N.Y. Mar. 17, 2020) (granting, over defendants' opposition, a full stay); *SEC v. Wey*, 15 Civ. 7116 (PKC) (S.D.N.Y. June 9, 2016) (after Government's motion for partial stay of discovery, and over objection of multiple defendants, implementing full stay of discovery, with the exception that SEC would produce testimony transcripts that had been produced in criminal case); *SEC v. Durante et al.*, 15 Civ. 9874 (RJS) (S.D.N.Y. Mar. 23, 2016) (after Government's initial motion for partial stay of discovery, fully staying discovery and proceedings in the matter); *SEC v. Shkreli, et al.*, 15 Civ. 7175 (KAM), 2016 WL 1122029, at **2-7 (E.D.N.Y. Mar. 22, 2016)

(granting, over defendants' opposition, a full stay); *SEC v. Dubovoy*, 15 Civ. 6076 (D.N.J. Jan. 29, 2016); *SEC v. One or More Unknown Purchasers of Securities of Global Indus., Ltd.*, No. 11 Civ. 6500 (RA), 2012 WL 5505738, at *3 (S.D.N.Y. Nov. 9, 2012) (granting U.S. Attorney's Office request for full stay of discovery for six months over defendant's objection while criminal investigation was proceeding but prior to any criminal charge); *Harris v. Nassau County et al.*, 2014 U.S. Dist. LEXIS 94554 at *10 (E.D.N.Y. 2014) *SEC v. Nicholas*, 569 F. Supp. 2d 1065, 1070 (C.D. Cal. 2008)

In light of the identical set of facts underlying the parallel Criminal Case, the complications that civil discovery would cause in that Criminal Case, and the consent of the defendants, the Government respectfully requests that the Court stay discovery in this matter.

## FACTUAL BACKGROUND

This case, and the parallel Criminal Case, arise out of the same underlying events. The facts set forth below are described in greater detail in the indictment that was returned in the Criminal Case (the "Indictment"), which was unsealed on December 14, 2022, and are also described in greater detail in the SEC's complaint in this civil action. In summary, from in or about 2016 through in or about the return of the Indictment, the defendants were involved in a large-scale front-running scheme involving the theft of material, non-public information ("MNPI") about anticipated large securities trade orders from a large investment manager that employed defendant Billimek (the "Employer"). In particular, from at least in or about 2016 through the return of the Indictment, Billimek was employed as an equities trader by the Employer, and by virtue of his employment had access to confidential information about large securities trades that the Employer planned to execute. By virtue of their size, these transactions by the Employer had

2

a short-term effect on the price of the underlying security.    For example, the Employer's sale of a large quantity of a particular stock would have the effect of temporarily decreasing the price of that stock in the market.

Rather than keep that information in confidence, Billimek and Williams conspired to place timely, profitable trades based on that confidential trade information.    Specifically, after receiving tips from Billimek, Williams placed thousands of intraday trades that were designed to profit based on the short-term price movement caused by the Employer's trading.    As a result of this illegal insider trading, Williams earned tens of millions of dollars in profits.    Williams, in turn, shared millions of dollars of these profits with Billimek through checks and wire transfers. In order to conceal their fraudulent scheme, Billimek used prepaid, unregistered "burner" phones in his communications with Williams.

## PROCEDURAL POSTURE

A grand jury sitting in the Southern District of New York returned the Indictment against the defendants in this matter on December 12, 2022.    The Indictment charges the defendants with conspiracy to commit securities fraud and wire fraud (count 1); securities fraud (count 2); and wire fraud (count 3).    On December 14, 2022, the defendants were each arrested and the Indictment was unsealed.    That same day, the SEC filed its complaint in this matter.

The Criminal Case has been assigned to Judge Gardephe.    The parties appeared before Judge Gardephe on January 4, 2023 for an initial pretrial conference, and Judge Gardephe set a schedule for discovery and for the parties to report back to the Court on potential motions.

## ARGUMENT

The Government's requests on consent to intervene and for a stay of discovery in this civil

3

action should be granted.   If civil discovery were to proceed at this time, there would be a risk of significant interference with the Criminal Case.   The requested stay would not prejudice any of the parties to this civil action; would prevent the circumvention of important limitations on criminal discovery; and would preserve the Court's resources because many of the issues presented by the civil action will be resolved in the Criminal Case.

## I.      THE GOVERNMENT SHOULD BE GRANTED PERMISSION TO INTERVENE

Under Rule 24(a)(2) of the Federal Rules of Civil Procedure, anyone may intervene as of right in an action when the applicant "claims an interest relating to the property or transaction that is the subject of the action" and the applicant "is so situated that 'disposing of the action may as a practical matter impair or impede the movant's ability to protect its interests. . . .'"   Alternatively, Rule 24(b)(2) provides for permissive intervention when the movant "has a claim or defense that shares with the main action a common question of law or fact."   The Government respectfully submits that its application satisfies both of these provisions given the effect this civil proceeding would have on the Criminal Case and the identity of claims and facts between the parallel actions.

As a general rule, courts "have allowed the government to intervene in civil actions— especially when the Government wishes to do so for the limited purpose of moving to stay discovery."   *Twenty First Century Corp. v. LaBianca*, 801 F. Supp. 1007, 1009 (E.D.N.Y. 1992). The Government has a "discernible interest in intervening in order to prevent discovery in a civil case from being used to circumvent the more limited scope of discovery in the criminal matter." *SEC v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988).

As an initial matter, intervention is warranted because the Government's interests in upholding the public interest in enforcement of the criminal laws cannot be protected adequately

4

by the existing parties in this civil litigation, none of whom represent the Government's interests with respect to the investigation and enforcement of federal criminal statutes.   *See Bureerong v. Uvawas*, 167 F.R.D. 83 (C.D.Cal. 1996) ("the Government's prosecutorial and investigative interest is not adequately protected by any of the civil parties . . . .   Clearly neither the plaintiff or the defendants have this identical interest.").

Moreover, discovery and a trial in this action in advance of a criminal trial, could impair or impede the Government's ability to protect its interests in the enforcement of federal criminal law.   This case and the related Criminal Case arise from the same alleged front-running scheme to commit insider trading based on MNPI stolen from the Employer as described above.   Holding a civil trial before the criminal proceedings would create the possibility that there will be two trials covering the same fraudulent acts.   This raises the probability that witnesses will be unnecessarily burdened by having to testify twice.   In light of those circumstances, the Government respectfully submits that its application to intervene should be granted.

## II.    A STAY OF DISCOVERY IS APPROPRIATE

### A.  Applicable Law

This Court has the inherent power to stay discovery in the interests of justice pending the completion of a parallel criminal case.   *See Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986) ("[A] court may decide in its discretion to stay civil proceedings . . . when the interests of justice seem . . . to require such action.") (internal citations and quotations omitted).   "'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis v. N.*

*Am. Co.*, 299 U.S. 248, 254 (1936).   When considering whether to grant a stay, courts balance the following factors:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interest of the court; and (6) the public interest.

*Carroll*, 2020 WL 1272287 at *2 (quoting *Louis Vuitton Malletier S.A. v. LY USA, Inc*., 676 F.3d 83, 99 (2d Cir. 2012); *SEC v. Treadway*, No. 04 Civ. 3464 (VM) (JCF), 2005 WL 713826, at *2-*3 (S.D.N.Y. March 30, 2005); *see also Volmar Distrib., Inc. v. New York Post Co., Inc.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993) (listing similar factors).   "Balancing these factors is a case-by-case determination, with the basic goal being to avoid prejudice."   *Id.*

### B.   Discussion

Application of these factors here overwhelmingly weighs in favor of the Government's requested stay, to which no party objects.

### 1.   *The Extent of Overlap*

That the criminal and civil cases involve nearly identical facts and issues weighs heavily in favor of a stay.   "The most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues."   *Volmar Distrib.*, 152 F.R.D. at 39 (citing Judge Milton Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 203 (S.D.N.Y. 1989); *see also Tuzman*, 15 Civ. 7057 (AJN), Dkt. No. 43 at 3) (noting that "substantial overlap between the civil and criminal proceedings" weighs in favor of stay); *Parker v. Dawson*, No. 06 Civ. 6191 (JFB), 2007 WL 2462677, at *4 (E.D.N.Y. Aug. 27, 2007); *United States v. One 1964 Cadillac Coupe*

6

*DeVille*, 41 F.R.D. 352, 353 (S.D.N.Y. 1966) ("Where both civil and criminal proceedings arise out of the same or related transactions the government is ordinarily entitled to a stay of all discovery in the civil case until disposition of the criminal matter.").

Here, even a cursory examination of the Indictment and the SEC's complaint reveals that the alleged wrongdoing is essentially the same.   The SEC and Criminal Case describe the same alleged front-running scheme based on stolen MNPI from the Employer, followed by illicit trading by Williams.   As a result, this factor weighs heavily in favor of a stay.

### 2.   *Status of the Criminal Case*

The return of an indictment in the criminal case is also a factor that weighs in favor of a stay.   *See Tuzman*, 15 Civ. 7057 (AJN), Dkt. No. 43 at 3; *In re Par Pharm, Inc. Sec. Litig*., 133 F.R.D. 12, 13 (S.D.N.Y. 1990) ("The weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment."); *Trustees of Plumbers and Pipefitters Nat'l Pension Fund, et al. v. Transworld Mechanical, Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995) ("A stay of a civil case is most appropriate when a party to the civil case has already been indicted for the same conduct for two reasons: first, the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and second, the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved."); *see also Hicks v. City of New York*, 268 F. Supp. 2d 238, 242 (E.D.N.Y. 2003) ("Indeed, the strongest argument for granting a stay is where a party is under criminal indictment…").   Here, an Indictment has been returned against the defendants and Judge Gardephe has already set a schedule for pretrial proceedings, including discovery.   Thus, this factor also weighs in favor of a stay.

### 3.    *The Interests of the Plaintiff and the Defendants*

No prejudice to the parties will result from the requested stay.   As noted, the defendants each consent to the requested stay.   Moreover, a stay will prevent the defendants from having to choose between asserting their Fifth Amendment rights during civil discovery and thereby being prejudiced in this action or asserting those rights and thereby being prejudiced in the Criminal Case.   *See Shkreli*, 2016 WL 1122029, at *3 n.3 ("[C]riminal defendants frequently seek stays in parallel civil enforcement proceedings, often due to an adverse inference that can arise from a party's invocation of the Fifth Amendment privilege against self-incrimination.").   The SEC also does not oppose the requested stay.   In addition, as there are not currently any discovery deadlines or a trial date in place in this action, there will be no undue delay in the proceedings as a result of the stay. Accordingly, neither the plaintiff nor the defendants will be prejudiced by a stay.

### 4.    *The Public Interest*

Rule 16 of the Federal Rules of Criminal Procedure and Title 18, United States Code, Section 3500 provide that in criminal cases, the statements of Government witnesses shall not be the subject of discovery "until said witness has testified on direct examination" at trial.   Thus, in the Criminal Case, the defendants would not be entitled to such statements until (or, as is the practice in this District, shortly before) trial.   The Government and the public have an important interest in ensuring that civil discovery is not used to circumvent the well-founded restrictions that pertain to criminal discovery – restrictions that, *inter alia*, preserve the truth-seeking functions of the criminal process by restraining the ability of criminal defendants to tailor testimony, suborn perjury, manufacture evidence or intimidate witnesses.   *See United States v. Percevault*, 490 F.2d 126, 129 (2d Cir. 1974) (noting that the Jencks Act "represents a legislative determination that

access to a witness' statements could be useful in impeaching a witness but was not intended to be utilized in preparation for trial"); *United States v. McCarthy*, 292 F. Supp. 937, 942 (2d Cir. 1968) ("The claimed need to see such statements in advance in order to prepare to rebut them is little more than open notice of an intention to tailor testimony to fit the statement."); *SEC v. Nicholas*, 569 F. Supp. 2d 1065, 1070 (C.D.Cal. 2008) (the criminal rules were "purposefully limited so as to prevent perjury and manufactured evidence, to protect potential witnesses from harassment and intimidation, and to level the playing field between the government and the defendant, who would be shielded from certain discovery by the Fifth Amendment").

Courts in this district have repeatedly endorsed limitations on civil discovery in recognition of the fact that a civil litigant should not be allowed to use civil discovery to avoid the restrictions that would otherwise apply in criminal discovery to a criminal defendant.   *See SEC v. Beacon Hill Asset Management LLC*, No. 02 Civ. 8855 (LAK), 2003 WL 554618, at *1 (S.D.N.Y. Feb. 27, 2003) (in granting government's motion to stay, court noted: "The principal concern with respect to prejudicing the government's criminal investigation is that its targets might abuse civil discovery to circumvent limitations on discovery in criminal cases."); *Phillip Morris Inc. v. Heinrich*, No. 95 Civ. 328 (LMM), 1996 WL 363156, at *19 (S.D.N.Y. June 28, 1996) (granting stay motion because if "civil discovery is not stayed, the criminal investigation will be prejudiced, as the Defendants may have an opportunity to gain evidence to which they are not entitled under criminal discovery rules."); *Bd. of Governors of the Federal Reserve System v. Pharaon*, 140 F.R.D. 634, 639 (S.D.N.Y. 1991) ("'A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his

criminal trial.'") (quoting *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1952); *Nicholas*, 569 F. Supp. 2d at 1070 (the criminal rules were "purposefully limited so as to prevent perjury and manufactured evidence, to protect potential witnesses from harassment and intimidation, and to level the playing field between the government and the defendant, who would be shielded from certain discovery by the Fifth Amendment").   Indeed, the rationale underlying a stay is even stronger in an indicted matter, given that a defendant in a charged criminal case will likely invoke his Fifth Amendment rights in the civil case and not participate in the very discovery process he seeks to use affirmatively.   *See, e.g., SEC v. Chakrapani*, 2010 WL 2605819 (S.D.N.Y. June 29, 2010) (inviting the Government to renew its motion to stay discovery if the defendant intends to invoke the Fifth Amendment if noticed for a deposition); *Nicholas*, 569 F. Supp. 2d at 1070 (noting when granting full stay that "[t]he specter of parties and witnesses invoking their Fifth Amendment rights would render discovery largely one-sided; the SEC would produce scores of documents and witness testimony only to be precluded from gathering reciprocal discovery from the defendants").

Therefore, in order to avoid circumvention of the criminal discovery restrictions, including the provisions that are designed to prevent defendants from tailoring their testimony and intimidating witnesses, and because the defendants will not in any way be prejudiced, this factor weighs in favor of the Government's application.

### 5.     *The Interests of the Court*

Considerations of judicial economy also weigh in favor of granting a stay.   Courts have a strong interest in the efficient resolution of both the criminal and civil cases.   Issues common to both cases can be resolved in the criminal proceeding, thereby simplifying the civil action.   *See SEC v. Contorinis*, No. 09 Civ. 1043 (RJS), 2012 WL 512626, at *2 (S.D.N.Y. Feb. 3, 2012)

("Courts in this district have consistently found that a defendant convicted of securities fraud in a criminal proceeding is collaterally estopped from relitigating the underlying facts in a subsequent civil proceeding"); *SEC v. One or More Unknown Purchasers of Secs. of Global Indus.*, 2012 U.S. Dist. LEXIS 162772, at *12 (S.D.N.Y. Nov. 9, 2012) ("[T]he Civil Case is likely to benefit to some extent from the Criminal Case no matter its outcome."); *Twenty First Century Corp.*, 801 F. Supp. at 1010-11 (recognizing judicial economy as a factor to be considered).   Because the outcome of the Criminal Case could directly affect the conduct, scope, and result of the civil proceeding, this factor favors the Government's application.

*               *               *

In sum, and as set forth above, the Government has requested a stay of the proceedings in this action; the defendants each consent to the stay; there is considerable overlap between the parallel proceedings; charges have been filed in the Criminal Case and pretrial proceedings are underway; there is no prejudice to the parties from the requested stay; there is a strong public interest in preventing the civil discovery rules from being used to improperly obtain discovery in the criminal case; and judicial economy is ensured by the requested stay.   Therefore, the balance of factors overwhelmingly favors a stay of discovery.   A proposed order is attached as Exhibit A for the Court's consideration.

## **CONCLUSION**

For the reasons set forth above, the Government respectfully requests that its unopposed application to intervene and for a stay of this proceeding be granted in its entirety. The Government is prepared to submit updates to the Court on the status of the Criminal Case on an annual or biannual basis, or on any schedule the Court directs, in order for the Court to assess whether the requested stay remains appropriate.

Dated:  New York, New York
       March 3, 2023

                           Respectfully submitted,

                           DAMIAN WILLIAMS
                           United States Attorney

       By:       /s/                          
                           JASON A. RICHMAN
                           Assistant United States Attorney
                           One Saint Andrew's Plaza
                           New York, New York 10007
                           Telephone: (212) 637-2589