UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>         Plaintiff,<br><br>     -v.-<br><br>LAWRENCE BILLIMEK and ALAN WILLIAMS,<br><br>         Defendants. | 22 Civ. 10542 (JHR)<br><br>MEMORANDUM OPINION & ORDER |

JENNIFER H. REARDEN, District Judge:

Before the Court is the March 3, 2023 motion of the United States of America (the "Government"), which seeks to intervene and to stay all discovery pending the conclusion of a parallel criminal case, *United States v. Lawrence Billimek and Alan Williams*, 22 Cr. 675 (PGG) (the "Criminal Case"). ECF No. 17. The Government represents that both Defendants Lawrence Billimek and Alan Williams consent to the Government's motion. *Id.* at 1. The Government also represents that Plaintiff Securities and Exchange Commission (the "SEC") does not object to the motion. *Id.* For the reasons set forth below, the Government's motion is GRANTED.

## BACKGROUND

On December 14, 2022, the SEC commenced the instant civil enforcement action against Defendants for allegedly perpetrating a multi-year insider trading and front-running scheme. ECF No. 1 (Compl.). Beginning in approximately September 2016, Defendant Billimek, a trader at a major asset management firm, allegedly provided Defendant Williams with material non-public information about anticipated market-moving trades by his employer. *Id.* ¶¶ 1-5, 23-34. Based on that information, Williams purportedly traded hundreds of securities over a six-year period, earning millions of dollars in profits. *Id.* ¶¶ 35-63. Williams also allegedly transferred at

least $540,000 to a bank account owned by Defendant Billimek. *Id.* ¶¶ 65, 67. For this alleged conduct, the SEC seeks to hold Defendants civilly liable under, *inter alia*, Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder. Defendants are currently due to answer or otherwise respond to the Complaint by May 1, 2023. *See* ECF Nos. 21, 22.

On the same day that the SEC filed its Complaint in this matter, a three-count indictment against both Defendants was unsealed in the parallel Criminal Case. *See* 22 Cr. 675, ECF No. 1 (Indictment). The Indictment charges Defendants with securities fraud and wire fraud in connection with the same insider training scheme alleged here. The Criminal Case has been assigned to Judge Gardephe, who held an initial pretrial conference on January 4, 2023.

**A. Intervention**

Under Federal Rule of Civil Procedure 24, a party "may intervene in a civil action either as a matter of right or on a permissive basis." *SEC v. Shkreli*, No. 15-CV-7175 (KAM), 2016 WL 1122029, at *2 (E.D.N.Y. Mar. 22, 2016). To intervene as of right under Federal Rule of Civil Procedure 24(a)(2), "an applicant 'must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *Harris-Clemons v. Charly Trademarks Ltd.*, 751 F. App'x 83, 84-85 (2d Cir. 2018*)* (summary order) (quoting *Catanzano by Catanzano v. Wing*, 103 F.3d 223, 232 (2d Cir. 1996)). "Alternatively, Rule 24(b)(2) provides for permissive intervention when the movant 'has a claim or defense that shares with the main action a common question of law or fact.'" *SEC v. Milton*, No. 21 Civ. 6445 (AKH), 2022 WL 3156180, at *2 (S.D.N.Y. Aug. 8, 2022) (citation omitted). In exercising its discretion under Rule 24(b)(2), the court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *SEC v. One or More Unknown Purchasers of Sec. of Glob. Indus., Ltd.*, No. 11 Civ. 6500 (RA), 2014 WL 2158507, at

\*2 (S.D.N.Y. May 23, 2014).  Here, the Government submits that intervention is appropriate both as of right and permissively.  The Court agrees.

As an initial matter, the Government has met the four requirements to intervene as of right.  First, the Complaint was filed in the instant action on December 14, 2022, and the Government moved to intervene less than "three months after it was commenced and before Defendant[s] had filed an answer or motion to dismiss."  *Allco Fin. Ltd. v. Etsy*, 300 F.R.D. 83, 86-87 (D. Conn. 2014) (deeming application "timely"); *see also, e.g.*, *SEC v. Credit Bancorp, Ltd.*, No. 99 Civ. 11395 (RWS), 2000 WL 1170136, at \*2 (S.D.N.Y. Aug. 16, 2000) (five-month delay "was not so protracted as to render [the] motion untimely under all the circumstances").  Second, the Government has "a discernible interest in intervening in order to prevent discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter."  *SEC v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988).  Third, that "interest may be impaired by the disposition of th[is] action."  *Harris-Clemons*, 751 F. App'x at 84.  Specifically, unless the motion to intervene is granted, "the civil case could impair or impede the Government's ability to protect its interests 'in limiting the [D]efendants to the discovery available under the Federal Rules of Criminal Procedure.'"  *SEC v. Berman*, No. 20 Civ. 10658 (LAP), 2021 WL 2895148, at \*2 (S.D.N.Y. June 8, 2021) (quoting *Shkreli*, 2016 WL 1122029, at \*2).  Fourth, the Government's interests are not "adequately protected" by the parties to this *civil* enforcement action, given that "the [G]overnment is uniquely focused on the enforcement of *criminal* statutes."  *Shkreli*, 2016 WL 1122029, at \*2 (emphasis added); *see also SEC v. Downe*, No. 92-CV-4092, 1993 WL 22126, at \*12 (S.D.N.Y. Jan. 26, 1993) ("[E]ven though the SEC is involved in this action, the United States Attorney may have an interest in this litigation which is qualitatively different from the SEC's interest.").  Accordingly, intervention as of right under Rule 24(a)(2) is appropriate.

Alternatively, the Court finds that the Government has met the requirements for permissive intervention under Rule 24(b)(1). The instant civil action and the parallel Criminal Case present "common question[s] of law [and] fact," Fed. R. Civ. P. 24(b)(1)(B); to wit, the Criminal Case is "based on precisely the same factual allegations that undergird the SEC's civil case," *SEC v. Pinto-Thomaz*, No. 18-CV-5757 (JPO), 2018 WL 11225631, at *1 (S.D.N.Y. Oct. 11, 2018). Moreover, intervention would not "prejudice the adjudication of the original parties' rights," Fed. R. Civ. P. 24(b)(3), "considering that [Defendants] ha[ve] consented to, and the SEC does not oppose, the Government's motion," *SEC v. El-Khouri*, No. 19 Civ. 9744 (LAP), 2021 WL 601652, at *2 (S.D.N.Y. Jan. 26, 2021); *see, e.g.*, *SEC v. Carroll*, No. 19 Civ. 7199 (AT), 2020 WL 1272287, at *2 (S.D.N.Y. Mar. 17, 2020) ("Given the overlapping issues in the civil and criminal cases, and the lack of opposition by the parties, the Court concludes intervention is appropriate."); *accord Downe*, 1993 WL 22126, at *11 ("It is well-established that the United States Attorney may intervene in a federal civil action to seek a stay of discovery when there is a parallel criminal proceeding, which is anticipated or already underway, that involves common questions of law or fact." (citing *Chestman*, 861 F.2d at 50)).

For these reasons, the Court grants the Government's application to intervene in this action.

## B. Stay of Discovery

The Court next turns to the Government's request to stay discovery pending completion of the Criminal Case. "The power of this Court to issue a stay of discovery cannot be questioned." *Downe*, 1993 WL 22126, at *12; *see generally Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). In determining "whether a stay of discovery in a civil proceeding is

4

appropriate, the Court must balance the competing interests at stake." *Downe*, 1993 WL 22126, at *12. Specifically, the Second Circuit has instructed courts to consider the following six factors:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 99 (2d Cir. 2012) (citation omitted). These factors militate in favor of a stay.

First, "there is significant overlap with the issues in the Criminal Case, as both cases allege the exact same insider trading scheme." *El-Khouri*, 2021 WL 601652, at *3. Because "'the strongest case for granting a stay is where a party under criminal indictment is required to defend a civil proceeding involving the same matter,' this factor weighs heavily in favor of granting a stay." *Id.* (quoting *Volmar Distributors, Inc. v. N.Y. Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993)); *see also Crawford & Sons v. Besser*, 298 F. Supp. 2d 317, 319 (E.D.N.Y. 2004) ("A stay of civil proceedings is most likely to be granted where the civil and criminal actions involve the same subject matter."); *Shkreli*, 2016 WL 1122029, at *4 ("Courts have consistently recognized this as a particularly significant factor.").

Second, as to "whether the defendants have been indicted," Defendants Billimek and Williams were indicted on December 14, 2022. *See Berman*, 2021 WL 2895148, at *3 ("[T]he strongest argument for granting a stay is where a party is under criminal indictment." (quoting *Shkreli*, 2016 WL 1122029, at *5)); *Trs. of Plumbers & Pipefitters Nat. Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995) ("The weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has

ripened into an indictment." (quoting *In re Par Pharm., Inc. Sec. Litig.*, 133 F.R.D. 12, 13 (S.D.N.Y. 1990)).

Third, considering that neither the SEC nor Defendants oppose the stay, "the Court discerns no prejudice to either party from a stay." *See* Order, *SEC v. Afriyie*, 16-cv-2777 (S.D.N.Y. July 26, 2016) at 2; *see also Berman*, 2021 WL 2895148, at *3 ("although the SEC has an interest in proceeding expeditiously in this civil case, the SEC has not objected to the requested stay, and no prejudice will result from the requested stay").

Fourth, "given that [Defendants Billimek and Williams] consent to the Government's motion," the Court finds that "the private interests of Defendants weigh in favor of granting the stay." *Berman*, 2021 WL 2895148, at *3.

Fifth, "a stay of discovery would promote the Court's interest in judicial efficiency because the outcome of the Criminal Case could directly affect the scope and result of the civil proceeding." *Id.*; *see also SEC v. Contorinis*, No. 09 Civ. 1043 (RJS), 2012 WL 512626, at *3 (S.D.N.Y. Feb. 3, 2012) ("Courts in this district have consistently found that a defendant convicted of securities fraud in a criminal proceeding is collaterally estopped from relitigating the underlying facts in a subsequent civil proceeding.").

Sixth and finally, "courts have consistently concluded that, on balance, the public's interest in the effective enforcement of criminal law trumps its interest in seeing the civil litigation move forward." *SEC v. Simeon*, No. 21-CV-5266 (ARR), 2021 WL 5505835, at *3 (E.D.N.Y. Nov. 23, 2021); *see also SEC v. Calabrigo*, No. 22-CV-3096 (LJL), 2022 WL 4752427, at *6 (S.D.N.Y. Sept. 30, 2022) ("It is, of course, in the public interest to prevent circumvention of the limitations on discovery in criminal proceedings." (cleaned up)).

In sum, the relevant factors favor imposing a stay in this matter.

## CONCLUSION

For the foregoing reasons, the Government's motion to intervene and for a stay is GRANTED. The Government's application for a stay of the present civil suit[1] pending the outcome of the parallel criminal proceeding is also GRANTED.

The deadline for Defendants to answer or otherwise respond to the Complaint, previously May 1, 2023 (*see* ECF Nos. 21, 22), is adjourned *sine die*.

By June 24, 2023, and every sixty days thereafter, the Government shall submit a letter updating the Court on the status of the Criminal Case. The Government shall promptly notify the Court when the Criminal Case has been resolved.

The Clerk of Court is directed to terminate the motion at ECF No. 17 and to stay this action.

SO ORDERED.

Dated: April 24, 2023
New York, New York

JENNIFER H. REARDEN
United States District Judge

---

[1] Although the Government specifically seeks a stay of discovery, courts have routinely stayed the entire civil enforcement action in cases involving the same procedural posture as the case at bar. *See, e.g.*, *Shkreli*, 2016 WL 1122029, at *1, *7 (on review of the Government's application for "a complete stay of discovery pending the outcome of" the parallel criminal case, "conclud[ing] that a complete stay is appropriate in these circumstances"); *accord Carroll*, 2020 WL 1272287, at *1, *5; *El-Khouri*, 2021 WL 601652, at *3. The Court concludes that a stay of the entire instant civil action, pending the outcome of the parallel Criminal Case, likewise is appropriate here.