

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**

BYRON ROGERS FEDERAL OFFICE BUILDING
1961 STOUT STREET, SUITE 1700
DENVER, CO 80294-1961

DIVISION OF
ENFORCEMENT

July 29, 2025

**<u>Via ECF</u>**
Hon. Jennifer H. Rearden
United States District Court
Southern District of New York
500 Pearl Street
 New York, New York 10007

   Re: <u>SEC v. Lawrence Billimek, et al., 22-cv-10542-JHR</u>

Dear Judge Rearden:

  Plaintiff the United States Securities and Exchange Commission and Defendants
Lawrence Billimek and Alan Williams submit this joint status letter pursuant to the Court's
Order dated May 30, 2025. ECF 29.

  *Background*

  The Commission alleges in this case that Defendants engaged in a front-running scheme
for over six years in which Williams unlawfully traded hundreds of securities based on material
nonpublic information that Billimek unlawfully disclosed to him. ECF 1. The Commission
alleges that Defendants violated antifraud provisions of the Securities Act of 1933 and the
Securities and Exchange Act of 1934, and that Billimek violated antifraud provisions of the
Investment Company Act of 1940. *Id.*

  This action had been stayed pending resolution of a parallel criminal case. Both
Defendants have been convicted and sentenced in a parallel criminal case, *United States v.
Lawrence Billimek and Alan Williams*, 22 Cr. 675 (PGG). The stay was lifted on May 30, 2025.
ECF 29.

  *Proposal to resolve this action*

  The Commission contends that Defendants' liability for the violations alleged in the
Complaint is conclusively established by their criminal convictions, which are based on the same
conduct alleged in the Commission's Complaint in this action. The remaining issue to resolve is
the appropriate set of remedies for each Defendant.

The Commission staff has been working to formulate its position on appropriate remedies but needs Defendants' bank records to determine, among other things, the appropriate amount of disgorgement and prejudgment interest for each Defendant. The Commission staff has conferred with counsel for Defendants and understands that Defendants do not have access to their bank records. Accordingly, the Commission requires limited discovery to obtain information for purposes of remedies.

Once the Commission staff formulates its position on appropriate remedies, it will seek to resolve this case by consent by conferring with the Defendants and, if an agreement in principle can be reached, by making a recommendation to the Commission itself.[1] If consent cannot be reached, the Commission staff will present any remaining disputes to the Court by motion. Without waiving any rights or arguments, including the Commission's jury demand, the Commission staff currently does not anticipate the need for an evidentiary hearing or trial to resolve disputed issues, if any.

The parties have held a Rule 26(f) conference and discovery has commenced. To allow time for the parties to explore settlement after the Commission staff completes limited discovery, the Commission requests that the parties have until November 21, 2025, to notify the Court that either (1) the Defendants have made an offer of settlement to resolve this case that Commission staff will recommend that the Commission accept or (2) the parties require a briefing schedule to resolve remaining disputes either by summary judgment, a motion for remedies, or both.

Given the above, the Commission does not believe a full scheduling order or full scheduling conference under Rule 16 is necessary, but will provide the Court with any additional information at the Court's request.

Respectfully submitted,

*s/ Terry R. Miller*
Terry R. Miller
Counsel for Plaintiff, United States
Securities and Exchange Commission

cc: Counsel of Record

---

[1] Once the Commission staff receives signed consents from Defendants, those offers must be presented to the Commissioners for approval. Only the SEC's Commissioners, appointed by the President with the advice and consent of the Senate, *see* 15 U.S.C. § 78d(a), have authority to agree to settle an action filed in federal district court.